UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DARIUS WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-063-JD-MGG |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Darius Washington, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 16-08-23) where a Disciplinary Hearing Officer (DHO) found him guilty of assault/battery in violation of Indiana Department of Correction (IDOC) policy B-212. ECF 4 at 1. During his administrative appeal, Washington's charge was amended to attempted assault/battery in violation of IDOC B-240 and B-212, which includes aiding and abetting a battery. ECF 16-8. He was sanctioned with the loss of 90 days earned credit time. ECF 4 at 1. Washington identifies three grounds in his petition.

In Ground One, Washington argues that the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the

evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Washington as follows:

> At the above date and time [July 31, 2016] watching the CCTV camera 9-Dorm North hallway #2 from 10:46:41 am through 10:46:23 am (sic) I, Lt. M. Cain, observed offender Atkins, Brandon DOC 190991 (9-S1-10L) and offender Morris, Tyrell DOC# 171602 (9-S1-7L) fighting in the hallway (north end). Offender Washington, Darius DOC# 109268 (9-S1-8L) became involved kicking offender Atkins in the head and draging (sic) offenders Morris and Atkins back into a room.

ECF 16-1. The reporting officer issued a report of the surveillance video, which stated: "[o]n CCTV 9-dorm North Hallway #2 from 10:46:41am to 10:46:23am and from 10:49am to 10:49:45am offender Washington, Darius DOC#109268, (9-S1-8L), is observed committing battery on offender Adkins, Brandon DOC#190991, (9-S1-10L)." ECF 16-4. The DHO also reviewed the video evidence. The DHO's video evidence review stated, "[o]n the above date and time, I, Ofc. S. Gutierrez conducted a video review of this incident. On the camera footage you can see offender Washington, Darius #109268 involve himself in a fight between offender Morris, Tyrell 171602, and Adkins, Brandon #190991 by rushing in and pulling both offenders back inside the room." ECF 16-3. The DHO found Washington guilty of violating IDOC B-212. However, on administrative appeal, the IDOC amended the charges to attempted battery/assault, stating: "[a] charge of a Code B-240/212 better reflects the conduct report. The conduct report is clear that you encouraged and physically aided two offenders two continue to fight by pulling them both back inside a room." ECF 16-8.

The IDOC defines offense B-212 as, "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." Adult Disciplinary Process, Appendix I: Offenses.

2

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The IDOC defines B-240 as, "[a]ttempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense." *Id.*

The DHO had sufficient evidence to find Washington guilty. Washington can be seen on the surveillance footage physically inserting himself into the fight and dragging the offenders into the room, presumably so the "offenders" could continue to fight. Prisons are highly volatile environments and it was not arbitrary or unreasonable to conclude that Washington's involvement was an attempt to prolong or assist in the fight. It was the exclusive province of the DHO to consider and weigh the surveillance footage, and this court will not re-weigh that evidence. *See Webb*, 224 F.3d at 652. While Washington claims that he had good intentions, his intentions were not relevant to the charged offense. *See Jones v. Cross*, 637 F.3d 841, 847 (7 Cir. 2011) (lack of specific intent and self-defense are not valid defenses to assault in the context of a prison disciplinary action). Therefore, Ground One does not identify a basis for habeas corpus relief.

In Ground Two, Washington argues that his charges were improperly amended during his administrative appeal. Prisoners are entitled to notice of the basis of the charges against them, as well as a hearing in which to defend themselves. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These requirements are satisfied even if the charge is subsequently amended during, or even after, the disciplinary hearing, so long as the underlying factual basis of the original charge was adequate to give the prisoner notice of the allegations against him, and the defense to the amended charge would be the same as the defense to the original charge. *Northern v. Hanks,* 326 F.3d 909, 910 (7th Cir.2003); *Portee v. Vannatta*, 105 F. App'x 855, 856 (7th Cir. 2004). Here, the same factual allegations were used to support the finding of guilt for the attempted battery charge as were used

in the original battery charge. Moreover, his defense to both charges is the same - he claims he did not commit battery and was trying to break up the fight. ECF 16-6; ECF 25 at 5. Because the two charges relied on the same factual allegations and involved the same defenses, Washington is not entitled to habeas corpus relief based on the amendment of his charges.

In Ground Three, Washington argues that he should have been allowed to present witness statements from the two inmates involved in the altercation. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). However, prison officials are provided great deference in their decisions to limit this right based on the administrative or security needs of the facility. An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566–67.

Here, there is insufficient evidence that Washington ever requested that the DHO collect statements from the inmates involved in the fight. At the time he was screened for this offense, Washington had the opportunity to request evidence and witnesses in his defense. He requested the surveillance video, but check-marked the box stating "I do not wish to call witnesses." ECF 16-2. In his traverse, Washington claims - for the first time - that the screening officer told him that he could not use witness statements from the two offenders in his defense. ECF 25 at 5. However, if this is true, Washington could have brought the issue up with the DHO during the course of the

4

hearing and used the officer's misstatement as a reason to reconvene the hearing at a later date.[1] He also could have attempted to obtain written statements from these offenders on his own. There is no indication that he did either of these things. Moreover, while he filed an administrative appeal, he did not raise this issue in his appeal. Washington was not entitled to witnesses that he did not request.

Washington did not suffer any harm from his alleged inability to call witnesses. Washington does not articulate what he believes these witnesses would have said, or why they would have been relevant to his defense. Prisoners are only entitled to relevant and exculpatory evidence, *Miller*, 963 F.2d at 1005, and Washington has not identified what exculpatory evidence these witnesses could have provided. Here, the DHO's decision was based on what the DHO personally viewed when watching the surveillance footage - statements from the two fighting offenders regarding what happened during the fight could offer no evidence not already available to the DHO. Thus, Ground Three does not identify a basis for habeas corpus relief.

For these reasons, the habeas corpus petition (ECF 4) is **DENIED**. The Clerk is directed to **CLOSE** this case.

SO ORDERED.

ENTERED: October 10, 2017  /s/ JON E. DEGUILIO
Judge
United States District Court

---

[1] If however, the screening officer made no such statement, and Washington's first request to call witnesses occurred at the start of his disciplinary hearing, this request would have been untimely and the DHO would have had no obligation to postpone the hearing. *See Miller v. Duckworth*, 963 F.2d 1002, 1005 fn. 2 (7th Cir. 1992) (prisoners "certainly cannot wait until the day of the hearing" to make a witness request); *Portee v. Vannatta*, 105 F. App'x 855, 857 (7th Cir. 2004) ("Although inmates have a constitutional right to call witnesses at disciplinary hearings…this right is limited and requests that inmates make the day of the hearing are not timely").